UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PIERRE HILAIRE,

    Plaintiff,

v.                                          CASE NO. _____

GOODLEAP, LLC,

    Defendant.
_____/

## DEFENDANT GOODLEAP, LLC'S
## NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, GOODLEAP, LLC ("GoodLeap"), pursuant to 28 U.S.C. §§ 1441(a), 1446(a), 1331, hereby files its notice of removal of that action filed by Plaintiff PIERRE HILAIRE ("Plaintiff"), in the Eleventh Judicial County Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. In support thereof, GoodLeap states as follows:

### PROCEDURAL BACKGROUND

On or about November 3, 2024, Plaintiff filed his complaint (the "Complaint") in that certain action styled *Pierre Hilaire v. GoodLeap, LLC, et al.*, Case No. 2024-171304-cc-23, in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action"). GoodLeap was served with Plaintiffs' Complaint on November 11, 2024.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1331

Removal of the State Court Action to the United States District Court for the Southern District of Florida, Miami division is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331, because the State Court Action is a civil action founded on a claim or right arising under the laws of the United States. This Court has original jurisdiction over the subject matter of Plaintiff's claims asserted in the State Court Action because federal questions have been alleged therein relating to debt collection practices. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

Specifically, Plaintiff attempts to assert two claims against GoodLeap under the Fair Credit Reporting Act, 15 U.S.C. § 1682. *See* Compl., at ¶¶ 28–49. Moreover, Plaintiff asserts a claim against GoodLeap under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. *See* Compl., at ¶¶ 50–57. Accordingly, removal is proper because Plaintiff asserts claims against GoodLeap which arise from federal statutes, and the district courts have original jurisdiction over such claims.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Southern District of Florida, Miami

Division, because that is the district and division embracing the place where the State Court Action is pending.

In accordance with 28 U.S.C. § 1446(a), a copy of all executed process, pleadings, and orders in the State Court Action served upon GoodLeap are attached hereto as **Composite Exhibit 'A'**.  This Notice of Removal is timely filed because it is being filed on or before the 30th day following service.  28 U.S.C. § 1446(a); Fed. R. Civ. P. 6(a)(1).  Pursuant to 28 U.S.C. § 1446(d), GoodLeap has contemporaneously filed a copy of this Notice of Removal with the Clerk of the Eleventh Judicial County Court in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant GOODLEAP, LLC respectfully removes this action from the Eleventh Judicial County Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.

Dated this 11th day of October, 2024.

[*Signature block on page to follow*]

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
*Counsel for GoodLeap, LLC*
1905 N.W. Corporate Blvd., Suite 310
Boca Raton, Florida 33431
P: 561-343-6900 | F: 561-483-7321

By: */s/ T.W. Anderson*
**Terrance W. Anderson, Jr., Esq.**
Florida Bar No. 27426
TW.Anderson@nelsonmullins.com
Jenny.Sica@nelsonmullins.com

By: */s/ Sophie M. Labarge*
**Sophie M. Labarge, Esq.**
Florida Bar No. 1025145
Sophie.Labarge@nelsonmullins.com
Jenny.Sica@nelsonmullins.com

## CERTIFICATE OF SERVICE

I CERTIFY that on October 11, 2024 a copy of the foregoing was served on all parties on the attached service list in the manner set forth therein in compliance with Fla. R. Gen. Prac. & Jud. Admin. 2.516.

By: */s/ Sophie M. Labarge*
**Sophie M. Labarge, Esq.**
Florida Bar No. 1025145

## SERVICE LIST

**LAW OFFICES OF KERTCH CONZE, PA**
3600 Red Road, Suite 402
Miami, FL 33025
Kertch J. Conze, Esq.
conze@conzelaw.com