# COMPOSITE EXHIBIT 'A'



# JUAN FERNANDEZ-BARQUIN, ESQ.
## CLERK OF THE COURT AND COMPTROLLER
### MIAMI-DADE COUNTY

Contact Us     My Account     My Desk    

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding** Access Security Matrix.

### PIERRE HILAIRE VS GOODLEAP, LLC

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2024-171304-CC-23 | **Filing Date:** | 09/03/2024 |
| **State Case Number:** | 132024CC17130401GE23 | **Judicial Section:** | ND 02 - North Dade 02 - Judge Moore, Natalie |
| **Consolidated Case No.:** | N/A | **Court Location:** | 15555 Biscayne Boulevard, North Miami Beach, FL 33160 |
| **Case Status:** | OPEN | **Case Type:** | Consumer Debt (Non-Insurance) ($15,001 - $30,000) |

### ☰ Related Cases
Total Of Related Cases: 0 **+**

### 👥 Parties
Total Of Parties: 2 **+**

### 🔧 Hearing Details
Total Of Hearings: 0 **+**

### 🔊 Dockets
Total Of Dockets: 12 **−**

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 12 | 10/01/2024 | | Motion for Extension of Time | Event | |
| 📄 | 11 | 10/01/2024 | | Notice of Appearance | Event | |
| 📄 | 10 | 09/18/2024 | | Summons Returned - No Service | Event | |
| | 9 | 09/09/2024 | | Electronic Summons Email Notification Sent | Event | **KERTCH J CONZE** |
| | | 09/09/2024 | | 20 Day Summons Issued | Service | |
| 📄 | 8 | 09/09/2024 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.** Parties: GOODLEAP LLC |
| 📄 | 7 | 09/09/2024 | | Uniform CM Order Setting PT Deadlines and Related Requirements | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 6 | 09/07/2024 | | Receipt: | Event | **RECEIPT#:3200330 AMT PAID:$10.00 NAME:CONZE, KERTCH J. 3600 RED RD STE 402 MIRAMAR FL 33025-6014 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:09/07/2024 REGISTER#:320 CASHIER:EFILINGUSER** |
|  | 5 | 09/05/2024 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 09/05/2024 | | Receipt: | Event | **RECEIPT#:3210199 AMT PAID:$400.00 NAME:CONZE, KERTCH J. 3600 RED RD STE 402 MIRAMAR FL 33025-6014 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $400.00 $400.00 TENDER TYPE:EFILINGS TENDER AMT:$400.00 RECEIPT DATE:09/05/2024 REGISTER#:321 CASHIER:EFILINGUSER** |
| | 2 | 09/03/2024 | | Complaint | Event | |
| | 1 | 09/03/2024 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

### General

Online Case Home

Civil / Family Courts Information

Login

### Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us

**Juan Fernandez-Barquin, Esq.**
**Clerk of the Court and Comptroller**
**Miami-Dade County**

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2024 Clerk of the Court & Comptroller. All rights reserved.

## IN THE COUNTY COURT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**PIERRE HILAIRE**,

        Plaintiff,

vs.

**GOODLEAP, LLC**,

        Defendant.

_____/

### COMPLAINT

    **COMES NOW,** the Plaintiff, PIERRE HILAIRE (hereinafter "Plaintiff), by and through the undersigned attorney, and sues the Defendant, GOODLEAP, LLC (hereinafter "Defendant"), and alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of interests and costs.

2. At all times material hereto, Plaintiff was and continues to be a resident of Miami-Dade County, Florida.

3. At all times material hereto, the Defendant conducted business in Miami-Dade County, Florida.

4. The events that gave rise to the causes of action herein took place in Miami-Dade County, Florida.

5. The plaintiff has performed all conditions precedent to maintaining this cause of action.

### FACTUAL ALLEGATIONS

6. Plaintiff, PIERRE HILAIRE, is the legal owner of the real property located at 705 NE 138th Street, North Miami, FL 33161, (with the legal description of 19

1

52 42 IRONS MANOR HIGH PINE ADDN SEC A LOT 13 & W1/2 LOT 14 BLK 68 LOT SIZE 75.630 X 127 OR 20906-0621 11 2002 1).

7. An unknown individual applied for a loan with GoodLeap, LLC, the Defendant, (loan number 2310161883) on an unknown date. See Loan Statement and Collections Letter attached as Exhibit "A".

8. At all times material hereto, Plaintiff was never in privity of contract with Defendant.

9. The unknown individual, while applying for the loan, provided Defendant with certain personal and confidential information. The information at issue was given to Defendant for the sole purpose of applying for the loan. Defendant, however, negatively and erroneously reported Plaintiff to the credit bureau system, indicating that Plaintiff was delinquent on an alleged loan with Defendant.

10. Since the inception of the loan until the drafting of this Complaint, Defendant consistently reported the Plaintiff to the major credit bureaus by giving negative and false information to the major credit agencies against Plaintiff.

11. Defendant had and continues to have no just cause or excuse for reporting Plaintiff to the major credit bureaus in an adverse manner.

12. Defendant's conduct in furnishing false information about Plaintiff to the major credit bureaus was done in reckless disregard as to the consequences upon the rights of Plaintiff. The information provided against the Plaintiff was not made in good faith by the Defendant.

13. Defendant had actual knowledge that the information submitted to the major credit bureau was false when Defendant was provided with correspondence from the Plaintiff's attorney, the undersigned, on February 12, 2024, advising Defendant that Plaintiff had nothing to do with the actual loan. Please see attached Exhibit "B".

2

14. Defendant's counsel responded to the undersigned requesting an "Authorization to Release Information and Documents to Third Party" signed by the Plaintiff. Plaintiff completed and submitted same to Defendant. The Defendant has since ceased communication and has not provided the undersigned with the requested documents.

15. Defendant has refused to correct the false information and has made no reasonable efforts to verify the validity of the information furnished to the major credit bureaus against the Plaintiff.

16. Actual damages incurred by Plaintiff are less than $75,000.00.

17. Any and all prerequisites for the institution of this action have been performed or have been waived.

## COUNT I
## VIOLATION OF FCCPA

18. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 as if fully set forth herein.

19. At all time material hereto, Defendant was subject to the proscriptions and obligations of the *Florida Consumer Collections Practices Act*, *Fla. Stat.* § 559.55 et. Seq.

20. *Fla. Stat. § 559.72(5)* prohibits any person in an effort to collect a consumer debt from disclosing to a third party, information affecting the debtor's reputation, whether or not for creditworthiness, with knowledge that (a) the person does not have a legitimate business need for the information or (b) that the information is false.

21. *Fla. Stat. § 559.72(9)* prohibits any person, in an effort to collect a consumer debt, from (a) claiming, attempting, or threatening to enforce a debt which that person knows is not legitimate or (b) asserting the existence of some other legal right when such person knows that the right does not exist.

3

22. At all times material hereto, Defendant was and remains aware that no legal right or basis existed for the debt in question.

23. In connection with the collection efforts by Defendant, Defendant disclosed to third parties various details of the debt alleged to be owed by Plaintiff, including various credit reporting agencies.

24. Defendant violated the provision of *Fla. Stat*. § *559.72(5)* by deliberately disclosing to third parties, to wit: the major credit bureaus, a false amount claimed to be overdue on the Plaintiff's account, including sums which should have never been reported.

25. Defendant sought to enforce a debt against the Plaintiff that never existed.

26. Defendant violated the provision of *Fla. Stat*. § *559.72(9)* by deliberately claiming and attempting to enforce a debt which Defendant knows is not legitimate.

27. Plaintiff has suffered damages as a direct result of the Defendant's violation of the *FCCP*, which are recoverable under *Fla. Stat*. § *559.77*.

**WHEREFORE**, the Plaintiff demands that this Court enter an order granting judgment in favor of Plaintiff and against the Defendant, GOODLEAP, LLC, for actual damages, statutory damages, exemplary damages, court costs, attorney's fees, and any equitable relief deemed necessary and proper, including injunctive relief enjoining the Defendant from further violation of the *FCCP*, and any further reliefs that this Court deems fair and just under the circumstances.

## COUNT II
## WILFUL VIOLATION OF FCRA

28. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 as if fully set forth herein.

4

29.    At all time material hereto, Defendant was subject to the proscription and obligations of the *Fair Credit Reporting Act* ("FCRA"), *15 U.S.C. § 1681, et seq.*

30.    *15 U.S.C. § 1681n* establishes a civil action for willful noncompliance with the *FCRA.*

31.    *15 U.S.C. § 1681s-2(b)* imposes an obligation upon the Defendant to conduct an investigation of the disputed debt, reviewing all relevant information.

32.    *15 U.S. C. § 1681s-2(b)(1)(E)* also requires Defendant to modify, delete, or permanently block the reporting of any information disputed by a consumer that is found to be inaccurate or incomplete or cannot be verified after any reinvestigation.

33.    At all times relevant hereto, Defendant was and continues to be aware that no legal basis existed for the debt claimed to be owed by Plaintiff to the major credit reporting agencies.

34.    Pursuant to the *FCRA*, on or about February of 2024, Defendant, in writing, disputed the debt for loan number 2310161883 by contacting Defendant and advising Defendant that Plaintiff had nothing to do with the actual loan.  Please see attached Exhibit "A".

35.    Upon information and belief, Defendant has not investigated, modified, deleted, or permanently blocked the reporting of the disputed debt since receipt of said letter sent to Defendant.

36.    Defendant willingly violated the *FCRA* by failing to take any corrective measures to remove the disputed debt at issue and false information reported from Plaintiff's name.

37.    Plaintiff suffered damages as a direct result of the Defendant's violations of the *FCRA.*

5

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for actual damages, attorney's fees, punitive damages, court costs, and any other relief that this Court deems fair and just under the circumstances.

## COUNT III
## NEGLIGENT VIOLATION OF FCRA

38. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 as if fully set forth herein.

39. At all time material hereto, Defendant was subject to the proscription and obligations of the *Fair Credit Reporting Act* ("FCRA"), *15 U.S.C. § 1681*, et seq.

40. *15 U.S.C. § 1681o* establishes a civil action for negligent noncompliance with the *FCRA*.

41. *15 U.S.C. § 1681s-2(b)* imposes an obligation upon the Defendant to conduct an investigation of the disputed debt, reviewing all relevant information.

42. *15 U.S. C. § 1681s-2(b)(1)(E)* also requires Defendant to modify, delete, or permanently block the reporting of any information disputed by a consumer that is found to be inaccurate or incomplete or cannot be verified after any reinvestigation.

43. At all times relevant hereto, Defendant was and continues to be aware that no legal basis existed for the debt claimed to be owed by Plaintiff to the major credit reporting agencies.

44. Upon information and belief, Defendant has not investigated, modified, deleted, or permanently blocked the reporting of the disputed debt.

45. Defendant had a duty to conduct an investigation in regard to Plaintiff's claim that the reports made to the major credit bureaus were incorrect.

6

46.     Defendant breached that duty by failing to conduct any meaningful investigation as it relates to Plaintiff's claim that the information reported by Defendant to the major credit bureau was incorrect and false.

47.     Defendant's action is the direct and proximate cause of Plaintiff's harm from obtaining financing as requested from individual lenders.

48.     Defendant willingly violated the *FCRA* by failing to take any corrective measures to remove the disputed debt at issue and false information reported from Plaintiff's name.

49.     Plaintiff suffered damages in not obtaining the loans applied for as a direct result of Defendant's violations of the *FCRA*.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for actual damages, attorney's fees, punitive damages, court costs, and any other relief that this Court deems fair and just under the circumstances.

**COUNT IV**
**VIOLATION OF THE FAIR DEBT COLLECTION**
**PRACTICES ACT**

50.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 as if fully set forth herein.

51.     At all time material hereto, Defendant was subject to the proscription and obligations of the *Fair Debt Collection Practices Act* ("FDCPA"), *15 U.S.C. § 1692*, et seq.

52.     *15 U.S.C. § 16892e(2)(A)* prohibits the false representation of the character, amount, or legal status of any debt.

53.     *15 U.S.C. § 1692e(8)* prohibits communication or threatening to communicate to any person credit information which is known or which should have been known to be false, including various credit reporting agencies.

7

54. At all times relevant hereto, Defendant was and continues to be aware that no legal basis existed for the debt claimed to be owed by Plaintiff to the major credit reporting agencies.

55. The Defendant violated *15 U.S.C. § 1692e(2)(A)* by falsely and deliberately representing to the various credit reporting agencies that Plaintiff owed sums which were never owed by Plaintiff.

56. Defendant violated *15 U.S.C. § 1692e(8)* by falsely and deliberately disclosing to third parties a false, to wit: the major credit bureaus, amount claimed to be due on the Plaintiff's account.

57. Plaintiff suffered damages as a direct result of Defendant's violations of the *FDCPA.*

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for actual damages, attorney's fees, punitive damages, court costs, and any other relief that this Court deems fair and just under the circumstances.

## COUNT V
## SLANDER OF CREDIT

58. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 as if fully set forth herein.

59. At all times material hereto, Defendant was and continues to be aware that no legal basis existed for the disputed debt.

60. In connection with the collection efforts by Defendant, Defendant disclosed to third parties various details of the debt alleged to be owed by Plaintiff, including various credit reporting agencies.

61. Defendant deliberately disclosed to these third parties a false amount claimed to be due on Plaintiff's account when Plaintiff owes Defendant absolutely no money.

62. Defendant's statements were made with the intent of preventing Plaintiff from procuring credit in the future.

63. Plaintiff suffered damages as a direct result of Defendant's publication of false information regarding Plaintiff's indebtedness.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for actual damages, attorney's fees, punitive damages, court costs, and any other relief that this Court deems fair and just under the circumstances.

## COUNT VI
## VIOLATION OF FDUTPA

64. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 as if fully set forth herein.

65. *Fla. Stat. § 501.204* prohibits unfair and deceptive acts or practices in the conduct of any trade or commerce.

66. Defendant violated *Fla. Stat. § 501.204* by attempting to collect a debt it knew to be false at the expense of the Plaintiff's creditworthiness.

67. Defendant's efforts to collect a debt it knew to be false are unfair to the Plaintiff.

68. Defendant's disclosure to third parties of a debt that was never incurred by Plaintiff is deceptive in nature.

69. Defendant's conduct should not be tolerated as acceptable treatment of Florida consumers.

70. Defendant's handling of the Plaintiff's claim that the information reported to the major credit bureaus is unfair and deceptive in nature.

**WHEREFORE**, Plaintiff demands judgment for compensatory damages against Defendant, declaring that the practices described herein violate Fla. Stat. § 501.204, enjoining Defendant from further violation, grant Plaintiff attorney's fees and costs,

damages, and any other reliefs that this Court deems fair and just under the circumstances.

A trial by Jury is demanded on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Amended Complaint was filed through Florida's E-Filing Service on this 3rd day of September 2024. The Complaint will be served on the Defendant via process server

**LAW OFFICES OF KERTCH CONZE, P.A.**
Attorney for Plaintiff
3600 Red Road, Suite 402
Miramar, Florida 33025
Telephone: 954.342.9044
Facsimile: 954. 342.9208
E-mail: conze@conzelaw.com
By: __/s/ Kertch J. Conze_____
Kertch J. Conze, Esq.
Fla. Bar# 0233020

10

EXHIBIT "A"

**goodleap**™

## LOAN STATEMENT

| | |
|---|---|
| Statement Date: | 11/29/2023 |
| Loan Number: | 2310161883 |
| Payment Due Date: | 12/18/2023 |
| **TOTAL AMOUNT DUE:** | **$598.05** |

1oz - #10 - J360054 - 2871 - 2871
PIERRE HILAIRE
705 NE 138TH ST
NORTH MIAMI FL  33161-3229

For Billing Inquiries, Please Call (800) 345-9372
or Email customerservice@goodleapsupport.com

If you have previously authorized automatic funds transfers to make your payments, your payment will be made on the Due Date listed above and the amount of the payment will be the Current Payment Due listed below. If you owe more than this amount, please access the Home Improvement Loan Portal or call our Customer Service number to arrange an additional payment.

Your online Home Improvement Loan Portal is active. To enroll, you will need your loan number and zip code. You can always access your portal at www.paygoodleap.com

### ACCOUNT INFORMATION

| | |
|---|---|
| Property Address: | 705 NE 138TH ST North Miami, FL  33161 |
| Outstanding Principal[1]: | $15,990.00 |
| Target Principal Balance: | N/A |
| Target Balance Date: | N/A |
| Promotional Period End Date: | N/A |
| Maturity Date: | 8/18/2038 |
| Current Interest Rate[2]: | 12.49% |

### EXPLANATION OF AMOUNT DUE

| | |
|---|---|
| Principal & Interest: | $199.35 |
| Fees: | $0.00 |
| Current Payment Due: | $199.35 |
| Overdue Amount: | $398.70 |
| **TOTAL AMOUNT DUE:** | **$598.05** |

### PAYMENT ACTIVITY SINCE LAST STATEMENT

| | |
|---|---|
| Principal: | $0.00 |
| Interest: | $0.00 |
| Fees: | $0.00 |
| **TOTAL PAYMENTS:** | **$0.00** |

Thank you for choosing GoodLeap for your financing needs.

Bankruptcy notice: if you are currently involved in a bankruptcy proceeding or have been discharged of your personal liability for the repayment of the debt, this notice is being provided for informational purposes only. it is not an attempt to hold you personally responsible for the debt. Any rights we may choose to pursue will be exercised against the property only.
[1]Outstanding Balance does not reflect payoff amount. Please call (800) 345-9372 for a payoff quote. [2]Interest Rate and Monthly Payments may vary depending upon whether you cancel or add Autopay Payments during the term of the loan based on your loan agreement.

For non-electronic payments, please detach section and return:

PIERRE HILAIRE
705 NE 138TH ST
NORTH MIAMI, FL  33161

| | |
|---|---|
| Loan Number: | 2310161883 |
| Payment Due Date: | 12/18/2023 |
| **TOTAL AMOUNT DUE:** | **$598.05** |

**goodleap**

GOODLEAP
PO BOX 4387
PORTLAND OR  97208-4387

Selby Morgan & Born, PLLC
P.O. Box 65315
University Place, WA 98466
(253) 446-8610 (from 8:30 am to 4:30 pm PST Mon-Fri)

Pierre Hilaire
705 NE 138th St
NORTH MIAMI, FL 33161
**Reference: GoodLeap Loan No. 2310161883**

Selby Morgan & Born, PLLC is a law firm representing GoodLeap, LLC ("GoodLeap"). We may be considered a debt collector. We are trying to collect a debt that you owe to GoodLeap. We will use any information you give us to help collect the debt.

## Our information shows:

You have a loan agreement with GoodLeap (the "Loan").

| | |
|---|---|
| As of 8/18/2023, you owed: | $15,990.00 |
| Interest between 8/18/2023 and today: | $821.40 |
| **Total amount of the Loan now:** | $16,811.40 |
| Amount to bring Loan current as of today: | $598.05 |

**Notice:    See   reverse   side   for   important
information**

## How can you dispute the debt?

- **Call or write to us by February 21, 2024 to dispute all or part of the debt**. If you do not, we will assume that our information is correct.

- **If you write to us by February 21, 2024**, we must also stop collection an any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.   We accept   disputes   by   mail   or   by   e-mail   at stephanie@smb-lawyers.com.

## What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by **February 21, 2024**, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests by mail or by e-mail at stephanie@smb-lawyers.com.

- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

---- ✄

------------------------------------------------------------------------------------------------------------------------------

Mail this form to:
Selby Morgan & Born, PLLC
P.O. Box 65315
University Place, WA 98466


Pierre Hilaire
705 NE 138th St
North Miami, FL 33161

## How do you want to respond?

Check all that apply:
- ☐ **I want to dispute the debt because I think:**
  - ☐ This is not my debt
  - ☐ The amount is wrong
  - ☐ Other (please describe on reverse or attach additional documentation)
- ☐ **I want you to send me the name and address of the original creditor.**
- ☐ **I enclosed this amount:  $_____**

Make your check payable to "GoodLeap".

Pierre Hilaire
January 17, 2024
Page - 2

*Bankruptcy notice: If you are currently involved in a bankruptcy proceeding or have been discharged of your personal liability for the repayment of the debt, this notice is being provided for informational purposes only. It is not an attempt to hold you personally responsible for the debt. Any rights we may choose to pursue will be exercised against the property only.*

You may additionally contact GoodLeap in writing by e-mail (collections@goodleap.com) or by mail to GoodLeap, P.O. Box 4387, Portland, OR 97208-4387.  If you would like to speak directly with a GoodLeap representative, you may contact them by telephone at (844) 291-3611.

Payments can be made electronically at **www.paygoodleap.com** or mailed to:

GoodLeap
P.O. Box 4387
Portland, OR 97208-4387

# EXHIBIT "B"

Kertch J. CONZE, Esq.
Daphnee GONZALES, Esq.
James BISHOP, Esq.
Sasha JONES, FRP



LAW OFFICES OF
**KERTCH CONZE, P.A.**

February 12, 2024

**VIA ELECTRONIC MAIL ONLY**
stephanie@smb-lawyers.com
Selby Morgan & Born, PLLC
P.O. Box 65315
University Place, WA 98466

### Re: <u>Representation of Pierre Hilaire – Loan No.: 2310161883</u>

To Whom it May Concern:

     Please be advised that this office has been retained to represent the interests of Pierre Hilaire as it relates to GoodLeap Loan Number 2310161883. Request is hereby made upon you to direct all future correspondence to the attention of the undersigned.

     Please further note that my client is officially disputing the debt at issue. As such, demand is hereby made upon you to provide the undersigned with a copy of the signed contract and any and all documents executed by my client as it relates to the debt in question.

     We will also ask you to provide the name, address, telephone number and copies of the original documents from the original creditor. You may provide such information by e-mail or regular certified mail if you prefer.

     For any questions or concerns, please do not hesitate to contact the undersigned attorney. Govern yourself accordingly!

Regards,

Kertch J. Conze, Esq.

Enclosures/

3600 Red Road, Suite 402    Telephone – 954.342.9044
Miramar, Florida 33025    E-mail: conze@conzelaw.com

Filing # 206404826 E-Filed 09/09/2024 12:18:08 AM

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**COUNTY CIVIL DIVISION**

CASE NO.: **2024-171304-CC-23**
SECTION:  **ND02**

**Pierre Hilaire**
**Plaintiff(s),**

**vs.**

**GOODLEAP, LLC**
**Defendant(s)**

_____/

**UNIFORM CASE MANAGEMENT ORDER SETTING PRETRIAL DEADLINES AND RELATED REQUIREMENTS (GENERAL PATHWAY - COUNTY CIVIL PROCEDURE CASES)**

PLAINTIFF SHALL SERVE THIS ORDER UPON A DEFENDANT WITHIN 10 DAYS OF ANY FILING BY THAT DEFENDANT.

ALL PARTIES MUST READ CAREFULLY AS STRICT COMPLIANCE IS MANDATORY.

In compliance with the mandatory requirements of governing Administrative Orders regarding case management, the Court hereby ORDERS as follows:

1. Attorneys are professionally obligated to diligently litigate the case so litigation can conclude as soon as it is reasonably and justly possible. See Florida Rule of General Practice and Judicial Administration 2.545. The specific pretrial deadlines and requirements set forth herein shall be strictly enforced by the Court. Non-compliance with any part of this Order may result in sanctions including, but not limited to, striking of pleadings, monetary sanctions, waiver and/or default. It is on the parties to promptly and timely schedule hearings on filed motions.

2. The deadlines contained in this Order cannot be waived or extended by stipulation of the parties and remain in effect unless the Court grants an enlargement. A motion seeking an enlargement of a particular deadline shall specify detailed reasons for the enlargement and the amount of time requested.

3. In the event parties are unable to coordinate any non-dispositive and non-evidentiary hearing, deposition, or motion within a reasonable period of time (not less than 72 hours) and after 3 documented attempts, the moving party shall unilaterally set the issue for hearing pursuant to divisional instructions to occur no less than 14 days and no more than 45 days after the third attempt.

4. <u>SETTLEMENT:</u>  Counsel shall immediately notify the Court in the event of settlement and submit a Stipulation of Settlement and Order of Dismissal.  Counsel shall also notify the Court of any pending hearings that will be cancelled as a result of the settlement.

5. <u>SERVICE:</u> Plaintiffs shall serve their actions promptly by _____**12-31-2024**_____ and in compliance with Florida Rule of Civil Procedure 1.070. Service issues shall be addressed promptly and with diligence. No extensions pursuant to Florida Rule of Civil Procedure 1.070 shall be granted without specific proof of diligent effort to effect service and a written explanation of what efforts the Plaintiff intends to pursue to effect service successfully, with proposed deadlines. No extension to serve a defendant beyond _____**04-01-2025**_____ shall be allowed.

6. The following litigation deadlines are set:

   a. <u>ADDITION OF ANY NEW PARTIES</u> shall occur by _____**03-01-2025**_____.

   b. <u>FACT WITNESS LIST</u> shall be filed by _____**06-30-2025**_____. The fact witnesses shall be in alphabetical order and contain the names and addresses of all non-expert witnesses. Only those witnesses listed shall be permitted to testify without leave of Court. All witness lists shall include a brief description of the substance and scope of the testimony to be elicited. Within 30 days of discovering previously unknown witnesses, either party may seek leave of Court to amend their submissions, disclosures, or discovery obligations.

   c. <u>EXHIBIT LIST</u> shall be filed by _____**06-30-2025**_____. The Exhibit List shall disclose a list of all documentary and physical evidence intended to be used at trial. Each item shall be specifically described and listed by number and description. Generic descriptions of exhibits are subject to being stricken. All listed exhibits shall have been made available to opposing counsel for examination, initialing, and copying. Parties shall timely amend their exhibit list.

   d. <u>EXPERT WITNESSES</u> shall be disclosed by _____**08-29-2025**_____ with the names and addresses of all the expert witnesses to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5)(A).  This includes disclosing the expert's area of expertise and serving a copy of each expert's reports or answers to expert interrogatories, if a report was prepared and/or expert interrogatories propounded. Each party is limited to one expert per specialty.  No other expert testimony shall be permitted at trial.

   e. <u>FACT AND EXPERT DISCOVERY,</u> including all inspections, depositions, and examinations, shall be completed no later than _____**01-25-2026**_____. Written discovery shall be served no later than _____**12-21-2025**_____. The parties shall timely coordinate the scheduling and setting of depositions for all witnesses and/or parties they intend to depose.

   f. <u>MOTIONS FOR SUMMARY JUDGMENT and DAUBERT MOTIONS</u> shall be filed by _____**10-28-2025**_____ and heard no later than _____**01-25-2026**_____.

   g. <u>OBJECTIONS TO PLEADINGS AND ALL OTHER PRETRIAL MOTIONS,</u> except

for motions in limine, shall be filed by _____**11-26-2025**_____ and heard no later than _____**01-25-2026**_____. Any motion not filed and heard prior to the expiration of this deadline may be deemed waived or denied absent extraordinary circumstances which could not have been prudently anticipated, or by order of the Court entered prior to the expiration of the applicable time limitation.

h. <u>MEDIATION</u>: Parties are hereby referred to mandatory mediation, which shall be completed no later than _____**01-25-2026**_____. The parties shall comply with Florida Rules Civil Procedure 1.700, 1.710, 1.720, 1.730, and 1.750 as to the conduct of mediation. Plaintiff's counsel is appointed lead counsel to facilitate, mutually coordinate and schedule the mediation conference. Costs of mediation shall be borne equally by both parties. Failure to mediate in good faith may result in the imposition of monetary sanctions.

7. <u>TRIAL</u>: The projected date of trial is _____**02-24-2026**_____. A firm trial date will be ordered by the Court when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440. The parties shall do all things reasonable and necessary to assure the availability of their witnesses for the entire trial period or to otherwise preserve their testimony for trial as provided by the Florida Rules of Civil Procedure.  Failure to do so will not be grounds for a continuance.

8. <u>JOINT PRETRIAL STIPULATION</u>: A Joint Pretrial Stipulation shall be filed by all parties (via counsel of record) no later than _____**01-25-2026**_____. All parties shall cooperate in good faith in preparation of the Joint Pretrial Stipulation. Unilateral pretrial stipulations will not be accepted. The single, unified submission shall contain the following information in separately numbered paragraphs or sections:

a. <u>Stipulated Statement of Facts</u>:  A list of those facts that can be stipulated to and require no proof at the trial, together with a concise, impartial statement of the facts of the case.

b. <u>Statements of Disputed Law & Fact</u>:  Those issues of law and fact that are to be tried.

c. <u>Witness Lists</u>:  Parties shall attach the witness lists filed consistent with Paragraph 6b. and 6d. of this Order, including all rebuttal or impeachment witnesses. If any party objects to any witness, such objections shall be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties shall be strictly limited to witnesses properly and timely disclosed.

d. <u>Exhibit Lists</u>:  Counsel shall initial each other party's exhibit list and exhibits consistent with Paragraph 6c. of this Order. If any party objects to the introduction of any such exhibit, such objection shall be stated in the Stipulation, setting forth the grounds with specificity. Parties shall attach the final, initialed exhibit lists with objections. Only those exhibits listed and initialed may be offered in evidence.

e. <u>Jury Instructions</u>:  If the trial is a jury trial, counsel shall identify and attach all agreed upon standard instructions and all special instructions.  Any disputed jury instructions shall be attached and identified as to the party that proposed the instruction, along with copies of supporting case law.

f. <u>Verdict Forms</u>:  If the trial is a jury trial, the proposed jury verdict forms shall be attached and designated as agreed to or disputed.

g. <u>Motions in Limine</u>:  Each party shall make any anticipated motion(s) in limine indicating all stipulations/agreed items and any motion(s) in limine requiring a Court ruling.

h. <u>Trial Estimate</u>:  Each party shall provide an estimate of the number of days for trial.

i. <u>Daubert issues</u>:  All Daubert issues involving any requests for Daubert-related evidence shall be in writing. Failure to do so shall constitute a waiver of any Daubert-related evidence issue.

j. <u>Other issues</u>: The parties shall list any other issue that could potentially take up unnecessary time during the trial to facilitate the resolution of those matters prior to the trial date.

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **8th day of September, 2024**  .

2024-171304-CC-23 09-08-2024 11:33 PM

2024-171304-CC-23 09-08-2024 11:33 PM

**Natalie Moore**
COUNTY COURT JUDGE

Copies Furnished to:
Electronically Served

Kertch J Conze, Conze@conzelaw.com
Kertch J Conze, lawoffice@conzelaw.com
Kertch J Conze, jbishop@bishop-legal.com

Filing # 208054381 E-Filed 10/01/2024 04:35:58 PM

IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

PIERRE HILAIRE,

     Plaintiff,

v.                                     **CASE NO. 2024-171304-CC-23**

GOODLEAP, LLC,                     **CIVIL DIVISION**

     Defendant.

_____ /

## NOTICE OF APPEARANCE AS COUNSEL FOR DEFENDANT GOODLEAP, LLC AND EMAIL DESIGNATIONS

**PLEASE TAKE NOTICE THAT** the undersigned attorneys of the law firm NELSON MULLINS RILEY & SCARBOROUGH, LLP appear as counsel for Defendant GOODLEAP, LLC and designate their primary and secondary e-mail addresses for service in this matter as listed below pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516.

Dated this 1st day of October, 2024.

[*Signature block on page to follow*]

*Case No. 2024-171304-CC-23*

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
*Counsel for Defendant Goodleap, LLC*
1905 N.W. Corporate Blvd., Suite 310
Boca Raton, Florida 33431
P: 561-343-6967 | F: 561-483-7321

By:   */s/ Terrance W. Anderson, Jr.*
   **Terrance W. Anderson, Jr., Esq.**
   Florida Bar No. 27426
   TW.Anderson@nelsonmullins.com
   Jenny.Sica@nelsonmullins.com

By:   */s/ Sophie M. Labarge*
   **Sophie M. Labarge, Esq.**
   Florida Bar No. 1025145
   Sophie.Labarge@nelsonmullins.com
   Jenny.Sica@nelsonmullins.com

By:   */s/ Esther A. Veloz*
   **Esther A. Veloz, Esq.**
   Florida Bar No. 1030852
   Esther.Veloz@nelsonmullins.com
   Jenny.Sica@nelsonmullins.com

*Case No. 2024-171304-CC-23*

## CERTIFICATE OF SERVICE

I CERTIFY that on October 1, 2024 a copy of the foregoing was served on all parties on the attached service list in the manner set forth therein in compliance with Fla. R. Gen. Prac. & Jud. Admin. 2.516.

By:   */s/ Sophie M. Labarge*
**Sophie M. Labarge, Esq.**
Florida Bar No. 1025145

## SERVICE LIST

**LAW OFFICES OF KERTCH CONZE, PA**
3600 Red Road, Suite 402
Miami, FL 33025
Kertch J. Conze, Esq.
conze@conzelaw.com

Page **3** of **3**

Filing # 208054381 E-Filed 10/01/2024 04:35:58 PM

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA**

PIERRE HILAIRE,

     Plaintiff,

v.                              **CASE NO. 2024-171304-CC-23**

GOODLEAP, LLC,               **CIVIL DIVISION**

     Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION
OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant GOODLEAP, LLC ("GoodLeap"), pursuant to Fla. R. Civ. P. 1.090(b)(1)(A), hereby moves this Honorable Court for a twenty-day extension of time to file its response to Plaintiff PIERRE HILAIRE's Complaint up to and including Monday, October 21, 2024. In support thereof, GoodLeap states as follows:

1.     GoodLeap's current deadline to file its response to the Complaint is October 1, 2024.

2.     "When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion . . . with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." Fla. R. Civ. P. 1.090(b)(1)(A).

*CASE NO.:* **2024-171304-CC-23**

3.     The request is sought so GoodLeap can properly research the allegations raised in the pleading and prepare an informed, appropriate, and adequate response to same.

4.     GoodLeap respectfully requests a 20-day extension of time to respond to the Complaint up to and including Monday, October 21, 2024.

5.     The extension sought is reasonable. The requested extension is not being interposed for any improper purpose such as unreasonable delay and granting the extension will not prejudice any party to this action. Additionally, Plaintiff does not oppose the relief sought herein.

**WHEREFORE**, Defendant GOODLEAP, LLC respectfully moves this Honorable Court for the entry of an order:

a. Granting GoodLeap's Motion for Extension of Time to Respond to the Complaint filed by Plaintiff Pierre Hilaire; and

b. Extending GoodLeap's response filing deadline through and including Monday, October 21, 2024;

along with any other relief that this Court deems just and proper under the circumstances.

Dated this 1st day of October, 2024

[*Signature block on page to follow*]

Page **2** of **3**

*CASE NO.:* **2024-171304-CC-23**

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
*Counsel for Goodleap, LLC*
100 S.E. 3rd Ave., Suite 2700
Fort Lauderdale, Florida 33394
P: 954-745-5284  |  F: 954-761-8135

By:    */s/ Sophie M. Labarge*
        **Sophie M. Labarge, Esq.**
        Florida Bar No. 1025145
        Sophie.labarge@nelsonmullins.com
        jenny.sica@nelsonmullins.com

## CERTIFICATE OF SERVICE

I CERTIFY that on October 1, 2024 a copy of the foregoing was served on all parties on the attached service list in the manner set forth therein in compliance with Fla. R. Gen. Prac. & Jud. Admin. 2.516.

By:    */s/ Sophie M. Labarge*
        **Sophie M. Labarge, Esq.**
        Florida Bar No. 1025145

## SERVICE LIST

**LAW OFFICES OF KERTCH CONZE, PA**
3600 Red Road, Suite 402
Miami, FL 33025
Kertch J. Conze, Esq.
conze@conzelaw.com

Page **3** of **3**